## Suburban Gas Company *v.* Wagner, Appellant.

Argued March 6, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Cletus M. Lyman,* for appellant.

*M. F. McDonald, Jr.,* with him *John L. McDonald* and *M. F. McDonald,* for appellee.

OPINION BY HIRT, J., April 18, 1944:

In this action for damages from the breach of a contract, the jury found for plaintiff in the amount of its claim. Defendant questions the refusal of the court to enter judgment n. o. v. in his favor.

The following facts are admitted: Defendant sells propane gas, a liquid petroleum product, to domestic consumers within a thirty mile radius of Hazleton in this State. On May 4, 1939 he entered into a written contract agreeing to purchase his entire requirements, in servicing that area, from plaintiff at stated prices. The contract required him to buy a minimum of 10,000 pounds of gas during the first year with an increase of 5,000 pounds each year thereafter over and above the minimum of the preceding year. The term of the contract was five years with an automatic renewal clause for five years additional. During the first two years defendant complied with his contract, but in the third year he bought only 2,600 pounds of gas of the 20,000 which he agreed to buy. He bought no gas from plaintiff thereafter. It is agreed that plaintiff's loss on the contract to the end of its term, if entitled to recover, is $1,136.80, and the verdict for plaintiff was in that amount.

There is evidence that on April 4, 1939, one month before entering into the contract with plaintiff, defendant had signed a written contract with Gas-Oil Products, Inc., by which he agreed to buy his "entire requirements of liquified petroleum gases" from that producer during the period of five years from the date of that contract. It was contended that plaintiff had notice of this prior agreement and that its contract

with defendant was a "tortious interference with [a subsisting] contractual relationship" and therefore was void because opposed to public policy. A contract resting on an illegal foundation cannot be enforced. *Highland v. Russell Co.,* 87 Pa. Superior Ct. 235; *Irvin v. Irvin,* 169 Pa. 529, 32 A. 445. Defendant relies on the principle appearing thus in Restatement, Contracts, §576: "A bargain, the making or performance of which involves breach of a contract with a third person, is illegal." The defense of a bargain to commit a tortious act has been allowed, not as a protection to a defendant, but as a disability on the plaintiff. *Reiner v. North American Newspaper Alliance,* 259 N. Y. 250, 181 N. E. 561. The rule of the Restatement, has been applied in some states, 83 A. L. R. 32, 35. Williston says of it, Contracts, Vol. 6, §1738, (1938): "The law on this subject is in the process of development." And in Am. Jur., Contracts, §180, it is said: "It is difficult to formulate a general rule with respect to the legality of agreements involving the breach by one of the parties of a contract with a third person."

As we view the record in this appeal, it is not necessary for us to inquire what the law of Pennsylvania, as to such contracts, may be, (but cf. *Klauder v. Cregar et. al.,* 327 Pa. 1, 192 A. 667) for the reason that the question is not raised by the facts in this case. Defendant wrote plaintiff on May 2, 1939, within one month of signing the Gas-Oil contract: "We are in the market for the sale of Naturol [one of the trade names of propane] Gas and have been informed of the high quality of your product. At the present time we have a route developed and intend to go after the sale and development of the same in a large scale, *providing we can obtain the proper connections.* Kindly give us full information on your product including prices and distributors set up, filling stations, etc." (Italics added). Pursuant to this letter, plaintiff sent its agent, William

Torpy, to the defendant and as a result of negotiations between them the contract in question was executed two days later by plaintiff. If during the negotiations Torpy was told that defendant had signed a prior contract, plaintiff, his principal, was charged with similar notice. *Klauder v. Cregar et al.,* supra; *DeRosa v. Equitable Life Assur. Society,* 153 Pa. Superior Ct. 33, 33 A. 2d 495; *Sisney v. Diffenderffer,* 323 Pa. 337, 185 A. 830. Defendant testified that he exhibited the Gas-Oil contract to Torpy. Plaintiff denied any knowledge of it. Torpy was in defense work in New Jersey at the time of trial and was not available as a witness.

Passing the question whether the evidence was sufficient to charge Torpy, and through him the plaintiff, with any improper conduct inducing the breach of any prior contract, we are ·of the opinion that it was for the defendant as a part of his affirmative defense to show that the Gas-Oil contract was a subsisting obligation when the present contract was executed. In defendant's pleading under New Matter he averred that in the negotiations of the contract with plaintiff he "exhibited to William Torpy a similar contract under which the defendant was obligated to purchase his propane gas requirements from Gas-Oil Products, Inc. ...... The said written contract under which defendant's dealings with said Gas-Oil Products, Inc., were had, was in existence and effect at the time of the solicitation [by Torpy] herein referred to." Plaintiff, in its reply to these and similar allegations, averred: "That they are solely within the personal and exclusive knowledge of the defendant and proof of the same is demanded." This reply was insufficient to operate as a denial that the prior contract was "exhibited" to Torpy and that plaintiff through him had notice of it (*James Talcott, Inc. v. Levy,* 123 Pa. Superior Ct. 94, 186 A. 251) but in our opinion was entirely sufficient (under the Act of July 12, 1935, P. L. 666, 12 PS 390) to

put the burden on defendant to prove that the prior contract was in existence as a binding obligation at the time of the negotiations with plaintiff's agent. Plaintiff had no means of determining the truth or falsity of that averment, a mixed conclusion of law and fact. He was not obliged to make inquiry of Gas-Oil Products, a competitor, as 'to the status of the prior contract, at the risk of being barred from a meritorious claim by the answer. The admission of these pleadings in evidence by the trial judge "for what they are worth" though establishing some facts, did not amount to an admission of a valid prior existing enforceable obligation; all of the circumstances, as they appeared at the trial, point to the contrary.

In the above letter of May 2, 1939, defendant invited the negotiations of which he now complains. The letter itself impliedly asserts that defendant was free to contract with plaintiff. It is difficult to believe that the letter would have been written if defendant was then liable on an existing contract. It was a reasonable inference from any one of a number of circumstances that the first contract had been breached or abrogated by the parties to it before the defendant's negotiations with plaintiff began. Gas-Oil Products may not have been able to supply defendant's "entire requirements" or comply with the rigid specifications as to quality. Its contract contained provisions permitting cancellation by it as seller, among them, the right to contract with others for its *entire* estimated production of propane. If defendant could have bought his requirements of propane gas under that contract at 4¼ cents per pound he would not be likely to enter into a new contract with another for the same product at the higher price of 4½ cents. Both the officer of Gas-Oil Products who signed the contract for his company, and the defendant, were witnesses in this case. Neither of them testified that the Gas-Oil contract was in effect when plaintiff's con-

tract was executed. The inferences from their testimony are to the contrary. Defendant testified: "Q. Has Gas-Oil Products pressed you on your contract? A. No. Q. Have they sued you? A. No. Q. Have they made any demand on you? A. No sir." Defendant completely performed his contract with plaintiff for over two years and, without aid of the verdict it is clear that the former contract with Gas-Oil Products had nothing to do with his default in further performance of his obligation to plaintiff.

Defendant has not assigned the refusal of a new trial as error and on this record is not entitled to judgment in his favor n. o. v.

Judgment affirmed.